NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEIDY AZUCENA MENDEZ-LEMUS,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-7734

Agency No.
A212-984-632

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2026[**]
San Francisco, California

Before: MURGUIA, Chief Judge, and McKEOWN and PAEZ, Circuit Judges.

Leidy Azucena Mendez-Lemus and her two minor children ("Mendez-Lemus"), natives and citizens of Guatemala, seek review of the Board of Immigration Appeals (BIA) dismissal of their claims for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition.

We review de novo the BIA's legal conclusions and for substantial evidence its factual findings. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We also review for substantial evidence the BIA's denial of asylum, withholding of removal, and CAT relief. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Our review is "limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Singh v. Garland*, 97 F.4th 597, 602 (9th Cir. 2024) (quoting *Soriano-Vino v. Holder*, 653 1096, 1099 (9th Cir. 2011)).

The BIA committed legal error by declining to address Mendez-Lemus's involuntary sterilization claim on the basis that Mendez-Lemus failed to raise her political opinion claim before the IJ. Mendez-Lemus sufficiently raised her political opinion claim before the IJ because Mendez-Lemus checked the "political opinion" box on her application for relief and testified about involuntary sterilization during the hearing before the IJ. "[U]nder the ordinary remand rule, 'we are not permitted to decide a claim that the immigration court has not considered in the first instance.'" *Coronado v. Holder*, 759 F.3d 977, 987 (9th Cir. 2014) (quoting *Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007)). Accordingly, we remand the political opinion claim to the BIA to consider in the first instance.

Substantial evidence does not support the BIA's conclusion that Mendez-Lemus did not meet her burden to establish that the Guatemalan government was unable or unwilling to protect her from her persecutors for purposes of asylum and withholding of removal. That the Guatemalan police arrested and prosecuted Mendez-Lemus's former domestic partner, his sister, and the gang member who threatened Mendez-Lemus on matters entirely unrelated to Mendez-Lemus has no bearing on whether the government was "unable or unwilling to protect *Petitioner*" from abuse. *Guevara-Serrano v. Bondi*, 164 F.4th 1133, 1137 (9th Cir. 2026) (emphasis added). And substantial evidence does not support the BIA's conclusion that the police's three-month delay in the commencement of its investigation—after Mendez-Lemus reported receiving imminent death threats—evidences the police's willingness to control Mendez-Lemus's persecutors. *See Krotova v. Gonzales*, 416 F.3d 1080, 1087 (9th Cir. 2005). The cases relied upon by the BIA pertain only to situations in which a police investigation was timely commenced but did not result in a conviction, and stand for the unexceptional proposition that "the [asylum] standard is not that the government can prevent *all* risk of harm." *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021).

Substantial evidence similarly does not support the dismissal of Mendez-Lemus's claim for CAT relief. The BIA dismissed Mendez-Lemus's CAT claim because "the police took the respondent's report and even scheduled a follow-up

appointment." But, as discussed, the three-month delayed investigation is not evidence of the police's willingness to control Mendez-Lemus's persecutors. And "evidence that the police are unable or unwilling to oppose the crime" along with "awareness of the activity" may prove acquiescence in a crime. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

Accordingly, the BIA's dismissal of Mendez-Lemus's claims for asylum, withholding of removal, and CAT relief "cannot be sustained upon its reasoning." *Garcia*, 988 F.3d at 1142 (quoting *Regalado-Escobar v. Holder*, 717 F.3d 724, 729 (9th Cir. 2013)). We remand to allow the agency to decide any issues remaining in the case.

**PETITION GRANTED.**[1]

---

[1] The motion to stay removal (Dkt. No. 2) is granted.